IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SUBRINA SEHAT,**

        Plaintiff,

   v.

**GEMOLOGICAL INSTITUTE OF AMERICA, INC., a California [FOR PROFIT] Corporation, and GIA HOLDINGS, a New York [FOR PROFIT] Corporation,**

        Defendants.

No. 3:24-CV-01899-AB

ORDER

**Baggio, District Judge:**

Pro se Plaintiff Subrina Sehat has filed a Complaint, [ECF 2], against the Gemological Institute of America, Inc, and GIA Holdings[1], and she seeks leave to proceed in forma pauperis, [ECF 1]. Plaintiff also seeks a temporary restraining order, [ECF 3], a protective order allowing her to proceed as Jane Doe, [ECF 4], and permission to file a document under seal. [ECF 5]. Because Plaintiff has established that she has minimal income and assets, the Court grants her

---

[1] It is unclear whether these are separate defendants. The Complaint's caption lists defendants as separate entities, incorporated in different states. *See* Complaint. But the caption of Plaintiff's motion for a protective order lists both entities as California corporations and refers to "the Defendant, [sic] GIA AND GIA HOLDINGS." Mot. for Protective Order, 1. In an abundance of caution, the Court assumes Plaintiff intended to sue two defendants.

1 – ORDER

motion to proceed in forma pauperis. As explained below, however, the Court dismisses her Complaint with leave to file an amended complaint and denies her other motions.

## LEGAL STANDARDS

Under the in forma pauperis statute, a court may at any time, including before service of process, dismiss a complaint filed in forma pauperis for failure "to state a claim on which relief may be granted." 28 U.S.C. § 1915(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an informa pauperis complaint that fails to state a claim"); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("the provisions of 28 U.S.C. § (e)(2)(B) are not limited to prisoners"). The statute gives the district the power to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Section 1915(e) allows a district court to dismiss an informa pauperis complaint that fails to state a claim with leave to amend. *Lopez*, 203 F.3d at 1130. And the general rule is that a district court should grant leave to amend even if no request to amend was made unless it determines that it is impossible to cure the pleading defects. *See id.*; Fed. R. Civ. P. 15(a).

When a party seeks to proceed anonymously, a district court must balance the need for secrecy "against the general presumption that parties' identities are public information." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Using this balancing test, courts have allowed plaintiffs to proceed anonymously when identification risks retaliatory harm. *Id.*

2 – ORDER

When materials are related to the merits of a case, they may be filed under seal only if the party seeking to seal them shows a compelling reason to overcome the presumption of public access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016).

To succeed on a motion for a temporary restraining order, a plaintiff must establish: "(1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is in the public interest." *Babaria v. Blinken*, 87 F.4th 963, 976 (9th Cir. 2023) (quoting *Geo Grp., Inc. v. Newson*, 50 F.4th 745, 753 (9th Cir. 2022) (en banc)).

## DISCUSSION

A.  <u>Dismissal under 28 U.S.C § 1915</u>

Plaintiff's Complaint fails to state a claim upon which relief can be granted because it is not legally cognizable. *See Solida v. McKelvey*, 820 F.3d 1090, 1096 (9th Cir. 2016) (a claim may be dismissed for "lack of a cognizable legal theory").

Plaintiff alleges that Gemological Institute of America, Inc. (GIA), and GIA Holdings (collectively, Defendants) engaged in fraudulent conduct when they stole her diamonds in 2018 and 2021. Compl., 11–12, 15–17, 52. Plaintiff claims that she sent a diamond to GIA's California laboratory for certification purposes in 2018, which was never returned. *Id.* at 11–12. Plaintiff confirmed her suspicions that GIA's California laboratory stole her diamond in April 2020, when she saw a similar diamond for sale at auction. *Id.* at 12. Then, in 2021, Plaintiff took a diamond to GIA's New York laboratory for certification, and the laboratory kept the diamond and returned a quartz stone to her. *Id.* at 13–14. Plaintiff also claims that Defendant GIA fraudulently operates as a nonprofit organization when it is really a for-profit entity. *See, e.g.*, *id.* at 43, 52–55 (describing GIA's alleged fraudulent actions and the damages suffered as a result). Based on the Complaint's

3 – ORDER

"Claims" section, however, it appears that Plaintiff bases her fraud allegations solely on the alleged theft of her diamonds, not on Defendant GIA's allegedly false non-profit status. Compl., 55 (stating that Plaintiff suffered "significant financial losses" from GIA's fraudulent actions and describing the actions as losing the diamonds and the opportunity to profit from their sale).

Oregon law sets a two-year limitations period for bringing lawsuits for personal injury claims like Plaintiff's that are "based upon fraud or deceit." ORS 12.110(1). The two-year period starts running when the fraud is discovered. *Id.* The Complaint's facts, viewed in a light most favorable to Plaintiff, show that Plaintiff discovered the basis for her fraud claims—the alleged theft of her diamonds—by September 2021. *See e.g.*, Compl., 15. Accordingly, it appears that her fraud claims are not legally cognizable because they are time-barred by Oregon's two-year time limit for filing such claims. *See Murphy v. Allstate Ins. Co.*, 251 Or. App. 316, 321, (2012). In an abundance of caution, however, the Court grants Plaintiff an opportunity to amend her Complaint such that it states a legally cognizable claim.

B. Motion to Proceed Anonymously

Plaintiff seeks to proceed under the pseudonym Jane Doe in this matter based on her concerns about "retaliation and potential harm" stemming from her "whistleblowing activities." Mot. Protective Order, 1. Allowing a party to proceed under a pseudonym requires the Court to balance the need for secrecy against the presumption of open proceedings. *See Does I Thru XXIII*, 214 F. 3d at 1068. The Court finds that given the circumstances here the need for open proceedings outweighs the need for secrecy. *See id.* Plaintiff's Complaint describes her correspondence with GIA's general counsel in 2022 "attempting to resolve matters," which included Plaintiff's threat to sue GIA. Compl., 24. Because Plaintiff already shared her accusations regarding Defendants with GIA's general counsel, it is not reasonable to think that allowing Plaintiff to proceed

4 – ORDER

anonymously would ameliorate any risk of perceived harm—Defendants already know of Plaintiff's claims against them. *See id.* Moreover, Plaintiff's conclusory statement that she fears retaliation does not establish that that any harm is threatened or that it would be severe. *See id.* Because Plaintiff has not demonstrated a need for secrecy, the Court denies her motion.

  C. <u>Motion for Ex Parte TRO</u>

As discussed above, Plaintiff's Complaint fails to state a legally cognizable claim. Accordingly, she cannot establish a likelihood of success on the merits, which is required before a Court can grant a temporary restraining order, and the Court must deny her motion. *See Babaria*, 87 F.4th at 976.

  D. <u>Motion to File Document Under Seal</u>

Given that the Court dismissed Plaintiff's Complaint with leave to amend, it is not clear whether Plaintiff will need this document, which she titled "unsworn declaration" to support any amended complaint. Accordingly, the Court denies this motion as moot and directs the Clerk of the Court to strike the proposed sealed document, [ECF 5-1], from the record.

## CONCLUSION

Plaintiff's in forma pauperis application, [ECF 1] is GRANTED, and her Complaint, [ECF 2], is DISMISSED without prejudice. Plaintiff's Motions for a temporary restraining order, [ECF 3], and for a protective order, [ECF 4], are DENIED. Plaintiff's motion to file a document under seal, [ECF 5] is DENIED as moot and the Clerk of the Court is directed to strike the proposed sealed document, [ECF 5-1], from the docket.

5 – ORDER

Any amended complaint must be filed within 30 days of the date that this order is filed. Failure to file an amended complaint may result in dismissal of this matter without prejudice for failure to follow court orders.

IT IS SO ORDERED.

DATED this 21st day of November, 2024.

*Amy M. Baggio*
Amy M. Baggio
United States District Judge

6 – ORDER